Filed 2/10/22  P. v. Hernandez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>DENISE ANN HERNANDEZ,<br><br>        Defendant and Appellant. | C094100<br><br>(Super. Ct. No. 20CF06336,<br>  21CF00277, 21CF00415) |

Appointed counsel for defendant Denise Ann Hernandez has filed an opening brief in defendant's consolidated case on appeal, setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

## I.  BACKGROUND

Defendant broke into a residence and stole various items.  In case No. 20CF06336 (336), defendant was charged with first degree residential burglary (Pen. Code, § 459—

1

count 1)[1] and identifying information theft with a prior theft conviction (§ 530.5, subd. (c)(2)—count 2).

In a separate incident, defendant stole a debit card and used it to purchase goods and services. In case No. 21CF00277 (277), defendant was charged with identity theft (§ 530.5, subd. (a)—count 1); forgery relating to identity theft (§ 470, subd. (d)—count 2); grand theft by access card (§ 484g—count 3); and identifying information theft with a prior theft conviction (§ 530.5, subd. (c)(2)—count 4).

Defendant was found in possession of multiple identification cards, passports, a stolen car, and other stolen items related to case Nos. 336 and 277. In case No. 21CF00415 (415), defendant was charged with multiple identifying information theft (§ 530.5, subd. (c)(3)—count 2); receiving a stolen motor vehicle (§ 496d—count 3); and identifying information theft with a prior theft conviction (§ 530.5, subd. (c)(2)—count 4).

In a global plea hearing, defendant pled no contest in case No. 336 to count 1 (first degree residential burglary); no contest in case No. 277 to count 3 (grand theft by access card) and to count 4 (identifying information theft with a prior theft conviction); and no contest in case No. 415 to count 3 (receiving a stolen motor vehicle) and count 4 (identifying information theft with a prior theft conviction). In exchange for her no contest pleas in all three cases, defendant was promised a maximum state prison sentence of eight years eight months and dismissal of all remaining counts and allegations.

In a consolidated sentencing hearing, the superior court imposed an aggregate prison term of six years eight months as follows: the middle term of four years for the burglary in case No. 336; one-third the midterm, eight months, for grand theft by access card in case No. 277; one-third the midterm, eight months, for identifying information theft with a prior theft conviction in case No. 277; one-third the midterm, eight months,

---

[1] Undesignated statutory references are to the Penal Code.

for receiving a stolen motor vehicle in case No. 415; and one-third the midterm, eight months, for identifying information theft with a prior theft conviction in case No. 415. The court awarded defendant 63 actual plus 62 conduct credit days in case No. 336, and 18 actual plus 18 conduct credit days in case No. 415, for a total presentence credit of 161 days.[2] The court assessed $300 in restitution fines per case, $300 in parole revocation fines per case, a $39 theft fine in case Nos. 336 and 277, $200 in court operations assessments, and $150 in criminal conviction assessments.

Defendant filed a timely notice of appeal and did not obtain a certificate of probable cause.

## II.  DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of her right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

---

[2] We note that in the opening brief, counsel for defendant asserts that the superior court subsequently corrected the calculation of custody credits in this case, awarding 20 days of actual credit and 20 days of local conduct credit, for a total of 40 days presentence custody credit in case No. 415, and issued a corrected abstract of judgment.  These documents are not part of our record on appeal and were not submitted to this court.

## III.  DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

DUARTE, Acting P. J.

/S/

KRAUSE, J.

4